## Lewis's Estate.

*Will—Remainder—Survivorship.*

Testatrix gave a portion of her estate to her executor " to put and place the same out at interest in manner aforesaid, and pay and apply such interest share and share alike among my grandchildren (naming them), children of my deceased daughter, E., or the survivor or survivors of them, for their support and maintenance until each one attains the age of twenty-one years, and to pay over unto my said grandchildren (naming them), children of my deceased child, E., or the survivor or survivors of them, share and share alike, when and as each shall severally arrive at the age of twenty-one years his or her share of the principal aforesaid together with any accumulation of interest thereon." *Held*, that if a grandchild died in his or her minority, his or her share should go to the surviving brothers and sisters.

Argued April 15, 1902. Appeal, No. 405, Jan. T., 1902, by A. H. Phillips, from decree of O. C. Luzerne Co., sustaining exceptions to adjudication in estate of Harriet E. Lewis, deceased. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to adjudication of Darte, J.

Troutman, J., (after discussing other points not involved in this appeal):

We transcribe that portion of the will relating to the " other half " of the stock, bonds, mortgages and cash.

" And the remaining full half part or share of the proceeds of my said residuary estate I give, devise and bequeath unto my said executor hereinafter named to put and place the same out at interest in manner aforesaid, and pay and apply such interest share and share alike among my grandchildren, Charles B. D. Wood, John B. Wood, Eleanor Wood and Esther Wood, children of my deceased daughter Emma E. Wood, or the survivor or survivors of them, for their support and maintenance until each one attains the age of twenty-one years, and to pay over unto my said grandchildren, Charles B. D. Wood, John B. Wood, Eleanor Wood and Esther Wood, children of my deceased child, Emma E. Wood, or the survivor or survivors of them, share and share alike, when and as each shall

severally arrive at the age of twenty-one years his or her share of the principal aforesaid together with any accumulation of interest thereon."

It will be noticed that by this clause of the will the bequests are not complicated by the interposition of the life estate of Sally W. Hopkins, nor in construing the words "survivor or survivors" of them do we have to refer to the determination of any life estate as a period when the limitation of a remainder takes place. The construction of these words, "survivor or survivors of them," is comparatively simple with the life estate eliminated as an element of the problem; indeed we might almost say that the words of the testatrix themselves so plainly express her testamentary intentions with regard to her grandchildren, that the situation resolves itself into that indicated by SHARSWOOD, J., in Reck's Appeal, 78 Pa. 435, wherein that great jurist remarks that, "it is a rule of common sense as well as law not to attempt to construe that which needs no construction."

Without going into an extended discussion of the matter we concede that by one of the canons of construction words of survivorship are frequently referred to the death of the testator, but that is only where in the will there is nothing to indicate a contrary intent. Here the contrary intent is so plain in our view that we have no difficulty in reaching the conclusion that the words, "survivor or survivors of them" in that portion of the will before us, cannot possibly be construed to refer to the death of the testatrix.

In the construction of wills the great and controlling rule is that the actual intent of the testator shall prevail. It has been often said, as the learned auditing judge in this case has indicated, that in expounding a will the question is not what the testator meant, but what is the meaning of his words. "But," says Mr. Justice Mitchell (in Woelpper's Appeal, 126 Pa. 562), "by this it was never intended to say that the testator's meaning when apparent can be disregarded, but that it cannot be got at aliunde by what he might have meant, or even what under the circumstances perhaps he would have meant, but only by what he said. The search is confined to his language but its object is still his meaning."

In construing Mrs. Lewis's will it is apparent that the prin-

cipal objects of her bounty were the children of her dead daughter Emma; in that portion of the will we have transcribed, these children were the only persons in the mind of the testatrix so far as her language would indicate. And in the search for her meaning in her words, we confess that we can come to no other conclusion than that it was her actual intention that if one of her grandchildren should die during minority, the other three should have the benefit of the income from this half of her residuary estate and its accumulations, or if two should thus die, the other two should have that benefit, and as each should attain the age of twenty-one years, his or her share of the principal should be paid by the executor and trustee. The contingency provided for by the testatrix happened, for the child Eleanor died before reaching the age of twenty-one years, intestate, unmarried and childless. We are of opinion, and in this respect are constrained to differ from the conclusions of the learned auditing judge in making his distribution, that the share of Eleanor should not go to her sole surviving parent, John G. Wood, but that, in accordance with the testamentary directions above quoted, it should inure to the benefit of her remaining brothers and sister, they being her " survivors " according to the plain intent of the testatrix, as expressed in her will.

Without prolonging the discussion further we will refer to Schuldt's Estate, 199 Pa. 58, as affording ample authority for the disposition we have made.

At the argument at bar it was agreed that John B. Wood, one of the four children of the " deceased daughter Emma," had reached the age of twenty-one years. We will follow the lead of the auditing judge and make distribution directly to him.

Whereupon the report of audit as modified and remodeled is confirmed absolutely and judgment entered accordingly.

*Error assigned* was in sustaining exceptions to adjudication.

*Henry A. Fuller*, for appellant.—The rule is well settled in Pennsylvania that the period of survivorship is to be taken as the death of the testator, unless a contrary intent is apparent: Shallcross's Estate, 200 Pa. 125.

No contrary intent is apparent in the will of Harriet E. Lewis, and, therefore, this rule of construction must prevail.

*William S. McLean*, with him *B. M. Espy* and *George R. McLean*, for appellee.

PER CURIAM, June 4, 1902 :

The decree is affirmed upon the opinion of the court below covering the question raised by this appeal.